## Case No. 16,461.

### UNITED STATES v. THIRTY-FOUR BARRELS DISTILLED SPIRITS.

[13 Int. Rev. Rec. 188.]

District Court, D. Rhode Island. June, 1871.

INTERNAL REVENUE — WHOLESALE LIQUOR DEALERS—STAMPING PACKAGES.

1. The 25th and 47th sections of the statute of July 20, 1868 [15 Stat. 125], require a wholesale liquor dealer to cause to be done the things specified in those sections respectively.

2. Section 47 in its own terms prescribes a punishment for an infraction of its requirements, and section 96 is not therefore applicable to offences under it, inasmuch as it relates only to acts or omissions for which no specific penalty or punishment is provided elsewhere in the act.

[Cited in U. S. v. One Thousand Four Hundred and Twelve Gallons of Distilled Spirits, Case No. 15,960.]

3. Omissions and neglects of a wholesale dealer to stamp or mark packages containing more than five gallons, work a forfeiture of such packages by force of section 57, and therefore are not within the penalty prescribed in section 96, which applies, however, to packages containing five gallons exactly, neither more nor less.

[Cited in U. S. v. Two Hundred Barrels of Whisky, 95 U. S. 575.]

[This was an information of forfeiture against thirty-four barrels of distilled spirits, owned by John B. Hennessy.]

C. Hart and C. E. Gorman, for claimants.
J. A. Gardiner, U. S. Dist. Atty.

KNOWLES, District Judge. The questions presented by the demurrer in this case are not novel, though now for the first time raised for adjudication in this district. That they are, nevertheless, even yet, alike important and "nice," as characterized by bar and bench in other districts, must however be conceded. Still, inasmuch as in an official periodical accessible to all persons interested are found the opinions of several of the district judges upon the points presented, embodying substantially all the leading reasons for either an affirmative or a negative answer to the questions propounded, it seems inexpedient on my part here to do more than announce my conclusions, after a deliberate consideration of the statute, with the aid of reported judicial expositions and of the arguments of the learned counsel upon the elaborate briefs submitted by them. Nothing more is required, certainly; and to assume to do more, it is obvious, would result but in the repetition in effect of what has been heretofore promulgated from the bench in terms sufficiently lucid and emphatic, and (with the exception of one MS. opinion [Case No. 15,890] of the learned judge of the Massachusetts district) heretofore published in the Internal Revenue Record by authority.

In regard to a point raised in limine by the claimant and earnestly pressed, that in expounding penal and revenue laws a court is bound to accord to the claimant or defendant the benefit of all ambiguities, inaccuracies of

expression, and doubts, I care only to remark in this connection that in 7 Blatchf. 463, 464, the learned judge of the second circuit (Woodruff) epitomizes the law on the subject in terms which admit of no improvement by addition, subtraction, or qualification. [U. S. v. Thirty-Six Barrels of High Wines, Case No. 16,468.] Of the intent of the framers of the statute in relation to this point and its cognates, we find a pregnant indication in a clause of section 36, prescribing that "the burden of proof shall be upon the claimant to show that no fraud has been committed, and that all the requirements of the law in relation to the payment of the tax have been complied with."

The first question to which an answer is required, briefly stated, is this: Do the 25th and 47th sections of the statute of July 20, 1868, entitled "An act imposing taxes on distilled spirits and tobacco, and for other purposes," require a wholesale liquor dealer to cause to be done the things specified in those sections respectively and referred to in the allegations to which the claimant demurs? To this my answer must be an affirmative—herein concurring in the rulings of four of the five learned judges in other districts, to whom the question has been submitted, and non-concurring in those of but one.

The second question is: If a dealer knowingly and wilfully omits, neglects, or refuses to comply with the requirements of section 25 or 47, does he incur a forfeiture of all the distilled spirits owned by him by force of the provisions of the 96th section of the act? The 96th section, I would say in reply, is, in my judgment, applicable only to acts or omissions for which no specific penalty or punishment is imposed by any other section of the statute; and inasmuch as section 47, by its own terms prescribes a punishment for an infraction of its requirements, I must adjudge that the 96th section, is inapplicable to that offence.

To infractions of the 25th section, it is not questioned that the 96th section is applicable, unless it can be shown that for such infractions some specific penalty or punishment is shown by some—"any" section of the act other than the 96th; and therefore, to show this, was a leading aim of the learned counsel of the claimant, in their argument in support of his demurrer. They contended that in the 57th section is found a provision of the tenor and import desired, in these words: "And all distilled spirits found after thirty days from the time this act takes effect, in any cask or package containing more than five gallons, without having thereon each mark and stamp required therefor by this act, shall be forfeited to the United States;" and in support of this position they cited a MS. opinion of the learned judge of the Massachusetts district (delivered April 17, 1871) [unreported], expressly and pointedly sustaining it. Upon the same point, however, it appeared that Judge Ballard, of the Kentucky district, more than

a year since ruled adversely to the claimant, holding that the clause above quoted had relation solely to spirits in existence prior to July 20, 1868, and not to spirits in general, irrespective of their age, origin, or history, as adjudged in the MS. opinion of Judge Lowell.

To the reasonings of the several judges in support of their respective rulings, and to the arguments of the learned counsel upon the points involved, I have given prolonged consideration, with, however, no result more satisfactory than the conviction that the conclusion arrived at by my brother of the Massachusetts district seems, on the whole, in a barely appreciable degree, less irreconcilable with the letter and spirit of the statute than that of my brother of the Kentucky district. In his opinion, therefore, I am constrained to concur, so far as relates to all packages of spirits "containing five gallons or more." All such packages, he rules, if unstamped by the wholesale dealer, are forfeited under section 57; and for this construction, an authority (so to style it) is found in a letter of instructions from the late Revenue Commissioner Delano, to an assessor, under date of Sept. 10, 1869, promulgated officially in 10 Int. Rev. Rec. 97 [Case No. 16,559]. That officer in most explicit terms adopts this construction of the clause quoted, without remarking, so far as appears, what must strike every reader, that that clause is most infelicitously located, if its intent really was what it is here held to be. Were the clause an independent and isolated section, and not simply a fragment of a sentence of a section, seemingly (at least to the cursory reader) framed with reference to spirits in existence at the date of the act, probably not a doubt of its intent or effect would ever have arisen in any mind of the bench or of the bar. I add in passing that the present commissioner, Pleasonton, gives to section 57 the same construction, as shown by an official letter dated May 30, 1871, published in the Internal Revenue Record of June 3, 1871.

Under this ruling, it is seen, all omissions and neglects of a wholesale dealer to stamp or mark packages containing more than five gallons, work a forfeiture of such packages by force of section 57, and therefore are not within the penalty prescribed in section 96. Otherwise, however, is it as to packages containing five gallons exactly, neither more nor less. Such the wholesale dealer may lawfully prepare and sell, provided he affixes the proper stamp, as required by section 25; but if he knowingly and wilfully omits, neglects, or refuses to affix such stamp upon such a package, he must be held to have incurred the penalty or punishment imposed by section 96. Such, by the way, is the view of the revenue department, as shown by the letter of instructions above cited, and I fail to see any sufficient reason for a dissent from that view on the part of the judiciary. A wholesale dealer as such, it is to be borne in mind, cannot legally sell a package which does not contain at

least five gallons, and all his stock must be stamped; and a retailer, as such, cannot sell a package which contains more than five gallons, and no stamping or marking is required on his part. I quote, as not impertinent in this connection, a passage from the commissioner's letter, with the single remark that it was published officially in the Revenue Record as early as September 25, 1869: "As the sales of wholesale dealers are confined to packages of not less than five gallons, and as every package filled on the premises of such a dealer is presumed to be filled for the purpose of sale, each of said packages must be gauged and stamped as required by section 25, third form; but if any of said packages contain ten gallons or more, these must be marked and branded as required by section 47. The absence of said stamps and marks or brands on packages so filled, containing more than five gallons, subjects the same to forfeiture under section 57. It will be observed, that although a package containing just five gallons is required to be gauged and stamped, yet the absence of such a stamp does not work its forfeiture under section 57, as that applies only to casks and packages containing more than five gallons; but the wholesale dealer who sells a package of just five gallons without gauging or stamping the same, as required by section 25, incurs the penalties of section 96 of the act of July 20, 1868."

The several reported opinions or decisions to which I have alluded are to be found in Quantity of Distilled Spirits [Case No. 11,495]; U. S. v. One Hundred and Thirty-Three Casks of Distilled Spirits [Id. 15,940]; U. S. v. Ninety-Five Barrels of Distilled Spirits [Id. 15,889]; 10 Int. Rev. Rec. 74, 97, 98, 154.

I must adjudge the demurrer sustained as to each and all of the allegations specified.